# Hugh Campbell, Plff. in Err., v. Pennsylvania R. R. Co.

If a man engaged in repairing the cars of a railroad company and a brakeman employed by the company are brought into such close proximity that the negligence of the latter necessarily endangers the safety of the former, the two are fellow servants in the proper sense of that term.

In the absence of proof to the contrary, the presumption is that the employer has discharged the duty devolving upon him to furnish his employees with such means and appliances as are suitable for the work in which they are employed, and at the same time reasonably necessary for their safety.

There can be no recovery against the employer for injuries arising from obvious risks which the employee knowingly and voluntarily assumed.

(Decided January 4, 1886.)

Error to the Court of Common Pleas, No. 2, of Allegheny County to review a judgment of nonsuit in an action for damages for personal injuries. Affirmed.

The facts as they appear in behalf of the plaintiff in error are as follows:

Hugh Campbell came to this country in the early part of

NOTE.—The fireman of a locomotive and a station agent, who is also a telegraph operator, are fellow servants. Reiser v. Pennsylvania Co. 152 Pa. 38, 34 Am. St. Rep. 620, 25 Atl. 175. A railroad laborer is a fellow servant of his gang. Kinney v. Corbin, 132 Pa. 341, 19 Atl. 141. Ordinary workmen and an assistant foreman on structural iron work are fellow servants. McGinley v. Levering, 152 Pa. 366, 25 Atl. 824. The foreman of a paving company, who directs workmen to go into an unsafe place, is a fellow servant. Casey v. Pennsylvania Asphalt Paving Co. 198 Pa. 349, 47 Atl. 1128. An elevator boy is a fellow servant of the employees in a store. Spees v. Boggs, 198 Pa. 112, 52 L. R. A. 933, 82 Am. St. Rep. 792, 47 Atl. 875. Employees of a telegraph company in charge of a gang employed by a railroad are fellow servants. Johnson v. Western N. Y. & P. R. Co. 200 Pa. 314, 49 Atl. 794. An employee of a coal company is a fellow servant of trainmen on a railway who run cars upon, and unload them on, trestle of former. Peplinski v. Pennsylvania R. Co. 203 Pa. 52, 52 Atl. 32. An employee of an iron company, constructing a siding on which cars of a railway are to run, is a fellow servant of the trainmen of the latter. Weaver v. Philadelphia & R. R. Co. 202 Pa. 620, 52 Atl. 30.

As to who are fellow servants so as to relieve the master from liability, see the following editorial notes containing a full presentation of the authorities on their respective subjects:

Vice principalship considered with reference to the superior rank of a negligent servant, note to Stevens v. Chamberlin, 51 L. R. A. 513; vice principalship as determined with reference to the character of the act which caused the injury, note to Lafayette Bridge Co. v. Olsen, 54 L. R. A. 33;

May, 1882.   He was a steel worker by trade, and, after seeking and failing to obtain employment at his regular trade, he applied to Mr. Stewart, a general foreman or car master of defendant, for work.   He informed Mr. Stewart what his trade was, and that he had never worked about a railroad.   He was told that employment would be given him on the night force at the work of repairing cars, and was directed to report that evening to Mr. Colheimer, foreman of car repairs, who would assign him to work.   He reported, according to directions, and worked all of that Saturday night at small repairs on cars stationed on tracks in defendant's yard, between Twenty-Eighth and Thirty-Third streets.   He was directed by Mr. Colheimer to report again for duty on Monday evening, May 8, 1882, and did so.   He worked at repairs similar to those made on Saturday night, until about 10 o'clock, when the gang took lunch. After lunch, Mr. Colheimer took out the gang and assigned them to work at cars stationed on a track in the yard known as the Fort Wayne "solid" track.   About 14 cars were stationed on the lower end of this track next to Twenty-Eighth street. The first car, nearest to Twenty-Eighth street, required a new drawhead.   It was separated from the remaining cars, so as to leave a space of about 3 feet.   When the work was in progress

statutory liability of employers for the negligence of employees exercising superintendence, note to Canney v. Walkeine, 58 L. R. A. 33; what servants are deemed to be in the same common employment, apart from statutes, where no questions as to vice principalship arise, note to Sofield v. Guggenheim Smelting Co. 50 L. R. A. 417; doctrine of common employment qualified as to servants working outside scope of employment, note to Olson v. Minneapolis & St. L. R. Co. 48 L. R. A. 805; train despatcher and telegraph operator as fellow servants of trainmen, notes to Little Rock & M. R. Co. v. Barry, 25 L. R. A. 386, and to Sofield v. Guggenheim Smelting Co. 50 L. R. A. 429; when a conductor is deemed to be a coservant of other railway employees, note to Jackson v. Norfolk & W. R. Co. 46 L. R. A. 337.

As to doctrine of assumption of risks, see the following editorial notes: Effect of assurance of safety given by the master or a coservant, note to McKee v. Tourtellotte, 48 L. R. A. 542; rights of a servant who continues work on the faith of his master's promise to remove a specific cause of danger, note to Illinois Steel Co. v. Mann, 40 L. R. A. 781; assumption of risk of danger of electric shock, note to Western U. Teleg. Co. v. McMullen, 32 L. R. A. 351; assumption of risk outside scope of employment, note to Olson v. Minneapolis & St. L. R. Co. 48 L. R. A. 803; assumption by volunteer of the risks of service, note to Evarts v. St. Paul, M. & M. R. Co. 22 L. R. A. 663; applicability of the maxim *Volenti non fit injuria* as a defense to action by injured servants, note to O'Maley v. South Boston Gaslight Co. 47 L. R. A. 161.

the plaintiff was required to go underneath the car to screw a nut upon a bolt, and while he was in that helpless position a train or cut of 17 freight cars, laden with coke, from which the locomotive was detached, was dropped in from the upper end of the yard, in charge of a single brakeman or car-dropper, upon the same descending track where plaintiff was at work; and the car-dropper being unable to stop his large and heavy train on the down grade, it collided with the stationary cars, forcing them upon the car where plaintiff was working, resulting in an injury to him which required the amputation of his right leg, and totally disabled him from the pursuit of his trade.

Campbell brought this suit upon the theory that defendant was negligent in the performance of the duty which the law imposes upon it, as master, to make reasonable provisions for the safety of its servants, fairly commensurate with the hazardous nature of the service to which it assigned the plaintiff.

The defendant's yard, situated between Twenty-Eighth and Thirty-Third streets, in the city of Pittsburgh, is about ¾ of a mile in length. It is provided with numerous tracks extending its entire length. From Thirty-Third down to Twenty-Eighth street, the grade is from 40 to 50 feet to the mile. These tracks are designated Ft. Wayne track, C. & P. track, Panhandle track, and so on, respectively. When a freight train comes in on defendant's road to Thirty-Third street, its locomotive is at once detached, the cars are weighed and inspected, and whatever repairs the inspector finds necessary are chalked on the sides of the cars. The train is then drilled, as it is called; that is, the cars are separated, and those destined for the Ft. Wayne road are put upon the Ft. Wayne track, and others on their proper tracks. These cuts or drafts of cars, for the respective roads, are taken in on the respective yard tracks as far down the track as possible, and small repairs are made to the cars while located on the track, and when all is ready for their departure, the trains are taken out from the lower or Twenty-Eighth street end of the yard.

The system practised by defendant in running cars into its yard is this: Brakemen, known as car-droppers, are specially employed to take charge of and drop in the various cuts of cars upon their respective tracks. No engine is used except when the tracks are icy or otherwise in bad condition, or the brakes are defective. There is no regulation, whatever, about the num-

ber of cars to be assigned to one brakeman, nor requiring more than one brakeman to be upon a cut, however large. In practice, it is left to the discretion of such car-dropper how many he will undertake to drop in. At times, one brakeman has taken down 20 cars or more; but all unite in testifying that it is not reasonably safe to intrust 17 loaded freight cars, with the engine detached, to a single brakeman on the Ft. Wayne track when repairs are in progress on cars stationed below. The only regulation for car-droppers was to drop their cuts down as near as possible to stationary cars,—say, within 3 feet; and the only regulation for the protection of car repairmen against the cuts so dropped in was a blue light on each end of the stationary cars to warn car-droppers that repairmen were at work.

A nonsuit having been granted, plaintiff brought error.

*D. F. Patterson* and *Brown & Stewart,* for plaintiff in error. —The rule of law is that the servant assumes the ordinary risks naturally incident to the service, of which he is as well aware, and against which he can as effectually guard, as the master. The nature of the risks so assumed and the duty of the master to furnish proper instrumentalities and to provide proper safeguards for the servant are illustrated in: P. & N. Y. C. R. Co. v. Leslie, 33 Pittsb. L. J. 1; Patterson v. Pittsburg & C. R. Co. 76 Pa. 389, 18 Am. Rep. 42; Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 276, 37 Am. Rep. 684; Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; O'Donnell v. Allegheny Valley R. Co. 59 Pa. 239, 98 Am. Dec. 336; Baker v. Allegheny Valley R. Co. 95 Pa. 211, 40 Am. Rep. 634; Ford v. Fitchburg R. Co. 110 Mass. 241, 14 Am. Rep. 598; Gilman v. Eastern R. Corp. 10 Allen, 233, 87 Am. Dec. 635; Hough v. Texas & P. R. Co. 100 U. S. 213, 25 L. ed. 612; Cooper v. Pittsburgh, C. & St. L. R. Co. 24 W. Va. 37; Clarke v. Holmes, 7 Hurlst. & N. 937; Bartonshill Coal Co. v. Reid, 3 Macq. H. L. Cas. 288; Quinn v. New Jersey Lighterage Co. 23 Fed. 363.

Where a railroad company voluntarily subjects its employees to dangers which it ought to provide against, and an accident happens to an employee from a want of proper provision against such dangers, the company is undoubtedly liable. Pittsburgh & C. R. Co. v. Sentmeyer, 92 Pa. 276, 37 Am. Rep. 684.

The adoption of a plan or system of conducting or managing

his business, reasonably safe and adapted to secure the safety of his employees as far as the nature of the work engaged in will permit, is one of the duties which a master owes to his servants. It is one of the "reasonably safe and sufficient instrumentalities" which it is universally acknowledged the master is bound to provide. Darrigan v. New York & N. E. R. Co. 52 Conn. 285, 52 Am. Rep. 590; Slater v. Jewett, 85 N. Y. 73, 74, 39 Am. Rep. 627; Fraker v. St. Paul, M. & M. R. Co. 32 Minn. 54, 19 N. W. 349; Madden v. Minneapolis & St. L. R. Co. 32 Minn. 303, 20 N. W. 317.

Where a servant is injured from a source of danger unknown to him and known to the master, the master is liable; his negligence, as Judge COOLEY said in the recent case of Parkhurst v. Johnson, 50 Mich. 70, 45 Am. Rep. 28, 15 N. W. 107, consisting mainly in his failure to give information. The same rule is enforced in Coombs v. New Bedford Cordage Co. 102 Mass. 572, 3 Am. Rep. 506; Sullivan v. India Mfg. Co. 113 Mass. 396; and still later, in Wheeler v. Wason Mfg. Co. 135 Mass. 294. The same principle is recognized by Ch. J. SHARSWOOD in Baker v. Allegheny Valley R. Co. 95 Pa. 211, 216, 40 Am. Rep. 634, where he refers to the injured servant's want of knowledge, it being the first day of his service, just as it was here the second night of this plaintiff's service.

It is "exclusively for the jury" to determine whether the defendant was negligent in its system of dropping in cars when repairs were in progress. Schall v. Cole, 32 Pittsb. L. J. 468; Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 25, 21 Am. Rep. 2; Filer v. New York C. R. Co. 49 N. Y. 50, 10 Am. Rep. 327; Johnson v. Bruner, 61 Pa. 58, 62, 63, 100 Am. Dec. 613.

If the negligence of the master combines with the negligence of a fellow servant, and the two contribute to the injury, the servant injured may recover damages of the master. 2 Thomp. Neg. 981, § 10; Cayzer v. Taylor, 10 Gray, 274, 69 Am. Dec. 317; Paulmier v. Erie R. Co. 34 N. J. L. 151; Crutchfield v. Richmond & D. R. Co. 76 N. C. 320; cases of Flike v. Boston & A. R. Co. 53 N. Y. 549, 13 Am. Rep. 545; Gray v. Philadelphia & R. R. Co. 23 Blatchf. 263, 24 Fed. 168.

*Hampton & Dalzell,* for defendant in error.—Where several persons are employed in the same general service, and one is injured from the carelessness of another, the employer is not re-

sponsible. This has been the rule in England since the case of Priestley v. Fowler, 3 Mees. & W. 1, and in America since that of Farwell v. Boston & W. R. Corp. 4 Met. 49, 38 Am. Dec. 339. It is the rule first announced by this court in Ryan v. Cumberland Valley R. Co. 23 Pa. 384.

To constitute fellow servants such, employees need not at the time be engaged in the same particular work. It is sufficient if they are in the employment of the same master; engaged in the same common work and performing duties and services for the same general purposes. Lehigh Valley Coal Co. v. Jones, 86 Pa. 433; Charles v. Taylor, L. R. 3 C. P. Div. 492.

Some of the servants who have been held to be coservants are: a telegraph operator and a fireman. Slater v. Jewett, 85 N. Y. 61, 39 Am. Rep. 627.

Laborer on a dirt train and a brakeman or engineer. Henry v. Staten Island R. Co. 81 N. Y. 373; Jeffrey v. Keokuk & D. M. R. Co. 56 Iowa, 546, 9 N. W. 884; Howland v. Milwaukee, L. S. & W. R. Co. 54 Wis. 226, 11 N. W. 529; Chicago & A. R. Co. v. Keefe, 47 Ill. 108; St. Louis & S. E. R. Co. v. Britz, 72 Ill. 256; O'Connell v. Baltimore & O. R. Co. 20 Md. 212, 83 Am. Dec. 549; Ryan v. Cumberland Valley R. Co. 23 Pa. 384.

Brakeman or engineer and laborers engaged in widening road. Holden v. Fitchburg R. Co. 129 Mass. 269, 37 Am. Rep. 343, 2 Am. & Eng. R. Cas. 103, and note; Boldt v. New York C. R. Co. 18 N. Y. 432.

Car inspector and brakeman. Smith v. Potter, 46 Mich. 258, 41 Am. Rep. 161, 9 N. W. 273.

A track repairer and servants of the company engaged in running trains. Gormley v. Ohio & M. R. Co. 72 Ind. 31; Rohback v. Pacific R. Co. 43 Mo. 187; Foster v. Minnesota C. R. Co. 14 Minn. 360, Gil. 277; Whaalan v. Mad River & L. E. R. Co. 8 Ohio St. 249; Walker v. Boston & M. R. Co. 128 Mass. 8.

Train despatcher and engineer. Chicago, St. L. & N. O. R. Co. v. Doyle, 60 Miss. 977; Robertson v. Terre Haute & I. R. Co. 78 Ind. 77, 41 Am. Rep. 552.

Switchman and fireman or engineer. Harvey v. New York C. & H. R. R. Co. 88 N. Y. 481; Farwell v. Boston & W. R. Corp. 4 Met. 49, 38 Am. Dec. 339; Memphis & C. R. Co. v. Thomas, 51 Miss. 637; Slattery v. Toledo & W. R. Co. 23 Ind. 81; Ponton v. Wilmington & W. R. Co. 51 N. C. (6 Jones' L.) 245.

Boiler maker and other mechanics.   Murphy v. Boston & A. R. Co. 88 N. Y. 146, 42 Am. Rep. 240.

Engineer and master mechanic.   Hard v. Vermont & C. R. Co. 32 Vt. 473.

Brakeman and road supervisor.   Mobile & M. R. Co. v. Smith, 59 Ala. 250.

Watchman at street crossing and switch tender.   Sammon v. New York & H. R. Co. 62 N. Y. 251.

Member of repair gang and engineer.   Chicago & A. R. Co. v. Murphy, 53 Ill. 337, 5 Am. Rep. 48; Valtez v. Ohio & M. R. Co. 85 Ill. 500; Collins v. St. Paul & S. C. R. Co. 30 Minn. 31, 14 N. W. 60; Coon v. Syracuse & U. R. Co. 5 N. Y. 492.

Station master and engineer.   Evans v. Atlantic & P. R. Co. 62 Mo. 49.

Engineer of hoisting engine and man working in the shaft. Buckley v. Gould & C. Silver Min. Co. 8 Sawy. 395, 14 Fed. 833; Bartonshill Coal Co. v. Reid, 3 Macq. H. L. Cas. 266.

Servant riding on elevator and man running the engine. Stringham v. Steuart, 64 How. Pr. 5.

Iron worker in a foundry and a teamster.   Hogan v. Central P. R. Co. 49 Cal. 128; Charles v. Taylor, L. R. 3 C. P. Div. 492.

Men mining ore and those wheeling it out.   Kielley v. Belcher Silver Min. Co. 3 Sawy. 500, Fed. Cas. No. 7,761.

Coal miner and mine manager.   Wilson v. Merry, L. R. 1 H. L. Sc. App. Cas. 326.

Laborer being carried on train to place where he was at work and train guard.   Tunney v. Midland R. Co. L. R. 1 C. P. 291.

Carpenter repairing engine shed and porters shifting turntable.   Morgan v. Vale of Neath R. Co. 5 Best & S. 570.

General traffic manager and a "miles man."   Conway v. Belfast & N. Counties R. Co. Ir. Rep. 9 C. L. 498, Affirmed in Ir. Rep. 11 C. L. 345.

Mining boss and driver boss.   Lehigh Valley Coal Co. v. Jones, 86 Pa. 433.

Workman in a mill and the engineer.   Caldwell v. Brown, 53 Pa. 453.

Track hands and their foreman.   Weger v. Pennsylvania R. Co. 55 Pa. 461.

Where regulations for the running of trains out of time, proper and suitable, with a view to the safety of employees, are

prescribed, obedience to these regulations by those having charge of a train is matter of executive detail, and for a disobedience of them, which causes injury to a coemployee, the master is not liable. Slater v. Jewett, 85 N. Y. 62, 39 Am. Rep. 627; Fraker v. St. Paul, M. & M. R. Co. 32 Minn. 54, 19 N. W. 349.

OPINION BY MR. JUSTICE STERRETT:

It clearly appears from the testimony that the immediate cause of the unfortunate accident which befell plaintiff was the negligence of the brakeman in recklessly undertaking to drop in, on the track where plaintiff was working, a greater number of cars than he was able to control without assistance. The brakeman and plaintiff were engaged in different branches of the same general service, but in the discharge of their respective duties they were brought in such close proximity to each other that the negligence of the former in carelessly dropping in cars necessarily endangered the safety of the latter. They were, therefore, in the proper sense of the term, fellow servants of the defendant company; and nothing is better settled than that for an injury caused by a fellow servant, without more, there can be no recovery. But, it is contended, the company was also negligent in not providing a safe and suitable place for doing the work in which plaintiff was engaged, and that his injury resulted therefrom. It is undoubtedly the duty of the employer to furnish his employees with such means and appliances as are suitable for the work in which they are employed, and at the same time reasonably necessary for their safety. In the absence of proof to the contrary, the presumption is that he has discharged his duty in that regard. On the other hand, the employee impliedly assumes all such risks, arising from his employment, as he knows, or, in the exercise of reasonable prudence, ought to know, are incident to such employment. There can be no recovery against the employer for injuries arising from patent risks which the employee has knowingly and voluntarily assumed. The testimony conclusively shows that plaintiff was fully cognizant of the danger to which he was exposed, from negligently dropping in cars on the tracks where he was from time to time at work, and the precautions that were taken to avert such danger. He was as fully aware of all this as the company itself, and knew that his safety depended on the care that was exercised by his fellow employees.

But aside from this, plaintiff was not entitled to recover without proving affirmatively that the company neglected the duty of providing a reasonably safe place in which to do the work he was employed to perform. It is contended by defendant that this was not done; that assuming plaintiff's testimony to be true and conceding the correctness of every inference of fact which the jury might have legitimately drawn therefrom, the evidence was insufficient to have warranted them in finding that the company defendant was guilty of the negligence complained of, and that plaintiff's injury resulted therefrom. An examination of all the testimony has led us to the conclusion that this position is well taken, and that there was no error in withdrawing the case from the jury and entering judgment of nonsuit.

Judgment affirmed.